IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

Kyle G. B.,

        Plaintiff,
   v.                                                      Civil Action No.
                                                                  8:23-CV-917 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF

ARM LAWYERS                          PATRICK J. BEST, ESQ.
18 N. 8th Street
Stroudsburg, PA 18360

FOR DEFENDANT

SOCIAL SECURITY ADMIN.          VERNON NORWOOD, ESQ.
OFFICE OF GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C.

§ 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on October 30, 2024, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

    3)    The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

                                          David E. Peebles
                                          U.S. Magistrate Judge

Dated:    November 1, 2024
              Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KYLE B.,
                                        Plaintiff,

-v-                                     8:23-CV-917

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
------------------------------------------------------------x
```

## DECISION TRANSCRIPT
### BEFORE THE HONORABLE DAVID E. PEEBLES
October 30, 2024
100 South Clinton Street, Syracuse, NY 13261


For the Plaintiff:

    ARM LAWYERS
    18 N. 8th Street
    Stroudsburg, Pennsylvania 18360
    BY: **PATRICK J. BEST, ESQ.**

For the Defendant:

    SOCIAL SECURITY ADMINISTRATION
    6401 Security Boulevard
    Baltimore, Maryland 21235
    BY: **VERNON NORWOOD, ESQ.**


*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1          (The Court and all parties present by telephone.
2  Time noted: 2:25 p.m.)
3          THE COURT:  Before I address the merits of the case,
4  I wanted to talk about consent.
5          When this case was filed, it was assigned to
6  Magistrate Judge Therese Wiley Dancks.  The consent form that
7  was executed by plaintiff's counsel and filed with the Court
8  consented specifically to the jurisdiction of Magistrate Judge
9  Dancks.  The matter was transferred to me.  In the docket entry
10 associated with the transfer, there was a directive that if
11 consent was to be withdrawn, it would have to be done
12 affirmatively within a certain prescribed period of time.  I
13 think it was seven days.  There was no withdrawal, but I wanted
14 to confirm.
15         Attorney Best, do you consent to my jurisdiction to
16 hear and decide this case as opposed to issuing a report and
17 recommendation?
18         MR. BEST:  Yes, we consent.
19         THE COURT:  Thank you.
20         Plaintiff has commenced this proceeding pursuant to
21 42, United States Code, Section 405(g) to challenge an adverse
22 determination by the Commissioner of Social Security.
23         The background is as follows:  Plaintiff was born in
24 July of 1969.  He currently 55 years of age, which constitutes
25 closely approaching advanced age.  He stands 5'10" in height and

1  weighs approximately 200 pounds.  He lives in Massena, New York
2  with a wife and daughter who was 18 years of age at the time of
3  the hearing in this matter.
4           Plaintiff has a Bachelor's degree in general
5  education and attended regular classes.  Plaintiff drives.
6  Plaintiff stopped working in February of 2020.  From 1987 until
7  August of 2015, he was a member of the United States Marine
8  Corps where he was in the infantry and was a tank commander.  He
9  then transitioned to automobile sales from 2018 to February of
10 2020.
11          Physically, plaintiff suffers from a variety of
12 impairments, degenerative disc disease of the lumbar spine,
13 bilateral shoulder pain, right leg deep vein thrombosis,
14 migraines, high blood pressure, high cholesterol, obstructive
15 sleep apnea, right knee pain, right heel pain, and hearing loss.
16 Mentally, although his mental condition is not at issue, he
17 suffers from posttraumatic stress disorder or PTSD, depression,
18 and anxiety.
19          Plaintiff's activities of daily living are described
20 in 310 to 318 and 2505 of the Administrative Transcript, and
21 include cooking simple meals, taking showers.  He is able to
22 dress.  He watches television.  He does minor chores, including
23 washing dishes.  He does limited laundry.  And according to a
24 medical entry at page 1999, which occurred in March of 2020, he
25 plays recreational hockey.  Plaintiff is a smoker.  He smokes

1  two cigars a day.
2           Plaintiff applied for Title II benefits on June 28,
3  2021, protectively alleging an onset date of February 1, 2020.
4  That followed an earlier Title II application which was filed on
5  September 23, 2016, and dismissed on March 12, 2019.  The
6  Administrative Law Judge in this matter found no basis to
7  re-open that earlier case.
8           In support of the application for benefits at page
9  293, plaintiff cited a host of physical and mental impairments,
10 including, physically, that is, osteoarthritis, deep vein
11 thrombosis, migraines, high blood pressure, high cholesterol,
12 sleep apnea, right knee and right heel pain, lower back pain,
13 neck pain, and a prostate issue.
14          A hearing was conducted on July 12, 2022, by
15 Administrative Law Judge Elizabeth Koennecke.  A supplemental
16 hearing was conducted on February 21, 2023, at which a
17 vocational expert testified.
18          On March 2, 2023, ALJ Koennecke issued an unfavorable
19 decision.  That became a final determination of the agency on
20 June 12, 2023, when the Social Security Administration Appeals
21 Council denied plaintiff's application for review.  This action
22 was commenced on July 28, 2023, and is timely.  In her decision,
23 ALJ Koennecke applied the familiar five-step sequential test for
24 determining disability, noting first that plaintiff was insured
25 through June 30, 2023.

1         At step one, she concluded that plaintiff had not
2    engaged in substantial gainful activity since February 1, 2020.
3         At step two, she concluded that plaintiff does suffer
4    from medically determinable impairments that are severe and that
5    they result in a significant limitation on plaintiff's ability
6    to perform basic work activities, including degenerative disc
7    disease of the lumbar spine, a mental impairment generally
8    characterized as posttraumatic stress disorder and/or depressive
9    disorder, and anxiety.
10         At step three, she concluded that plaintiff's
11    conditions do not meet or medically equal any of the listed
12    presumptively disabling conditions set forth in the
13    Commissioner's regulations.  She then concluded based on all of
14    the record before her that plaintiff, notwithstanding his
15    impairments, is capable of performing light work, except the
16    claimant can occasionally climb ramps and stairs, occasionally
17    climb ladders, ropes, and scaffolds, and occasionally balance,
18    kneel, stoop, crouch, and crawl.  The claimant should avoid
19    concentrated exposures to hazards, including heights and
20    machinery, et cetera.  The claimant retains the ability to
21    understand and follow detailed instructions and directions,
22    perform detailed tasks independently, maintain attention and
23    concentration for detailed tasks, regularly attend to a routine
24    and maintain a schedule, relate to and interact appropriately
25    with all others, can make occasional decisions directly related

1    to the performance of detailed tasks involving goal oriented
2    work rather than work involving a production rate pace.
3            At step four, applying that residual functional
4    capacity determination, ALJ Koennecke concluded that plaintiff
5    is capable of performing his past relevant work as a car
6    salesman.
7            At step five, she made an alternative finding with
8    the assistance of testimony from a vocational expert that there
9    is available work in the national economy that plaintiff is
10   capable of performing notwithstanding his limitations, citing as
11   three representative positions marking clerk, router, and
12   laundry worker.
13           As the parties know, the Court's function in this
14   case is extremely limited.  I must determine whether correct
15   legal principles were applied and the resulting determination is
16   supported by substantial evidence, defined as such relevant
17   evidence as a reasonable mind would find sufficient to support a
18   conclusion.  The Second Circuit addressed this standard in
19   *Brault v. Social Security Administration Commissioner,* 683 F.3d
20   443, Second Circuit, 2012, noting that it is extremely
21   deferential and observed the following:  "The substantial
22   evidence standard means once an ALJ finds facts, we can reject
23   those facts only if a reasonable factfinder would have to
24   conclude otherwise," citing other cases.  The standard was more
25   recently addressed in *Schillo v. Kijakazi*, 31 F.4d 64, Second

1 Circuit, 2022.

2 In this case, plaintiff raises two contentions. He
3 challenges the Administrative Law Judge's failure at step two to
4 include a shoulder impairment as a severe medically determinable
5 impairment and, secondly, he challenges the RFC finding, and
6 specifically addresses the failure to perform a
7 function-by-function analysis to determine how much time the
8 plaintiff is capable of walking versus standing.

9 Addressing first the step two argument. At that
10 step, a claimant must show that he or she has a medically
11 determinable impairment that rises to the level of a severe
12 impairment, 20 C.F.R. Section 404.1420(a)(4)(ii). An impairment
13 fails to reach the threshold of severity where it does not
14 significantly limit the claimant's physical or mental ability to
15 do basic work activities.

16 The requirement at step two is de minimus, of course.
17 However, the mere presence of a disease or impairment or
18 establishing a person has been diagnosed or treated for a
19 disease or impairment is not by itself sufficient to render a
20 condition severe. And, of course, as a backdrop, as the Second
21 Circuit noted in *Poupore,* it is plaintiff's burden to meet the
22 requirements of step one through four. And in this case, it is
23 the plaintiff's burden to show that he has a significant
24 limitation on his ability to perform basic work activities.

25 There clearly was no discussion at step two by the

1   Administrative Law Judge of the shoulder impairment.  And, of
2   course, it would have been a better practice for her to have
3   done that, but the shoulder condition is addressed at page 21 of
4   the decision where she notes that a right shoulder MRI showed
5   some degeneration within the anterior labrum and a subtle tear
6   at the apex of the posterior labrum, but, otherwise, the
7   supraspinatus tendon was intact, the subscapularis tendon was
8   intact, and there was a small amount of joint effusion in the
9   glenohumeral joint.
10           I didn't find any evidence that was submitted by the
11  plaintiff that the shoulder condition significantly limited her
12  ability to perform basic work activities.  The shoulder claim
13  now raised by the plaintiff is inconsistent with his ADLs,
14  including the ability to play recreational hockey.
15           I note that Dr. Lorensen issued a consultative
16  opinion on October 19, 2021, based upon an examination of the
17  plaintiff.  It appears at 2504 to 2507.  At 2506, she noted that
18  plaintiff has full range of motion of the shoulders.  Dr. Marina
19  Svecharnik made a note on March 6, 2020, at 1995 noting
20  plaintiff has normal range of motion on the right arm -- that's
21  at 1999 -- and, again, noted that plaintiff plays recreational
22  hockey.  Dr. Thomas Kneifel noted at 3169 to 3172, that's
23  December 2, 2022, normal X-rays and full range of motion of both
24  plaintiff's shoulders.  There was an X-ray taken on March 7,
25  2020, it appears at 1992, with very modest results.  And as I

1   noted earlier, the MRI, magnetic resonance imaging, testing on
2   December 22, 2022, at 3238 to 3239 also showed modest results.
3           As Commissioner's counsel argues, plaintiff did not
4   claim shoulders as a basis for disability on his function report
5   and it was not discussed at the hearing as a reason why he is
6   unable to work.  Simply stated, there was no evidence submitted
7   by the plaintiff sufficient to carry his burden at step two of
8   showing that the shoulder impairments imposed a significant
9   limitation on his ability to perform basic work activities.
10  And, also, if there was error, it is harmless because the
11  plaintiff did proceed to step three.  I understand plaintiff's
12  argument that it's harmful because there would be a limitation
13  on overhead reaching, but there's no evidence in the record to
14  that effect.
15          The second issue concerns the residual functional
16  capacity finding.  An RFC finding represents a range of tasks a
17  claimant is capable of performing notwithstanding his or her
18  impairments, 20 C.F.R. 404.1545(a).  Ordinarily, that includes a
19  claimant's maximum ability to perform sustained work activities
20  in an ordinary setting on a regular and continuing basis,
21  meaning eight hours a day for five days a week or an equivalent
22  schedule.  And, of course, an RFC determination is informed by
23  consideration of a claimant's abilities, including physical
24  abilities in this case, and all of the relevant medical and
25  other evidence in the record.  To properly ascertain a

1   claimant's RFC, an ALJ must assess plaintiff's exertional

2   capacities such as his ability to sit, stand, walk, lift, carry,

3   push, and pull, 20 C.F.R. Section 404.1545(b).

4          In this case, I understand the argument under that

5   section and, also, SSR 96-8p from 1996, which certainly appears

6   to require a function-by-function analysis, and I also concur

7   with plaintiff that an ALJ decision must permit meaningful

8   review.

9          In this case, the ALJ found that plaintiff is capable

10  of performing light work.  Light work is defined in 20 C.F.R.

11  Section 404.1567(b) and SSR 83-10.  And as the Second Circuit

12  has fleshed out in *Poupore v. Astrue,* 566 F.3d 303, Second

13  Circuit, 2009, the full range of light work requires

14  intermittent standing or walking for a total of approximately

15  six hours of an eight-hour workday with sitting occurring

16  intermittently during the remaining time.

17         In this case, the prior administrative findings from

18  the state agencies, including from Dr. K. Waldman from

19  November 2, 2021 -- that's at 76 to 98 -- a note at page 88,

20  that plaintiff can stand and/or walk for about six hours in an

21  eight-hour workday, and the form lumps stand and/or walk

22  together.  Dr. S Gandhi from January 3, 2022, it appears at

23  pages 100 through 125 of the Administrative Transcript, notes at

24  page 114 that the plaintiff can stand and/or walk with normal

25  breaks for a total of six hours in an eight-hour workday.

1   Again, the worksheet portion of the form lumps standing and/or
2   walking.  Dr. Lorensen found no gross limitations for sitting,
3   standing, walking at page 2507 of the Administrative Transcript
4   and, of course, moderate limitations is consistent with light
5   work, *Randy L.B. v. Commissioner of Social Security*, 2019 WL
6   2210596, Northern District of New York, May 22, 2019.
7            It is well established, as I indicated, the prior
8   administrative medical findings support the RFC.  To the extent
9   that standing and walking are lumped together, such prior
10  administrative medical findings can provide substantial evidence
11  if supported, *Woytowicz v. Commissioner of Social Security*, 2016
12  WL 6427787, Northern District of New York, October 5, 2016.
13  That report and recommendation was adopted, 2016 WL 6426385,
14  October 28, 2016, also, *Valdes-Ocasio v. Kijakazi*, 2023 WL
15  3573761, from the Second Circuit, May 22, 2023.
16           I understand plaintiff's argument, but I believe that
17  the finding of light work implies that plaintiff is capable of
18  standing and/or walking for six hours in an eight-hour workday.
19  Agreed, there is no specific delineation between walking and
20  standing, however, the Second Circuit in *Cichocki v. Astrue*, 729
21  F.3d 172, September 5, 2013, specifically found that remand is
22  not automatically required in such a case refusing to adopt a
23  per sé rule that these functions must be explicitly addressed on
24  pain of remand.  The Second Circuit also found similarly in
25  *McIntyre v. Colvin*, 758 F.3d 146, Second Circuit, 2014.

1    So I think that the ALJ by finding that plaintiff is
2  capable of performing light work satisfied her obligation to
3  address standing and/or walking without independently
4  delineating between the two, and I cannot say that a reasonable
5  factfinder would have to find that plaintiff is incapable of
6  performing light work, so, in conclusion, I find no error.  I
7  believe correct legal principles were applied and the resulting
8  determination is supported by substantial evidence.  I will
9  grant judgment on the pleadings to the defendant and order
10 dismissal of plaintiff's complaint.
11           Thank you, both, for excellent presentations.
12           MR. BEST:  Thank you.
13           MR. NORWOOD:  Thank you.
14           (Time noted:  2:47 p.m.)

13

```
 1
 2
 3              CERTIFICATE OF OFFICIAL REPORTER
 4
 5
 6          I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR,
 7  NYRCR, Official U.S. Court Reporter, in and for the United
 8  States District Court for the Northern District of New York, DO
 9  HEREBY CERTIFY that pursuant to Section 753, Title 28, United
10  States Code, that the foregoing is a true and correct transcript
11  of the stenographically reported proceedings held in the
12  above-entitled matter and that the transcript page format is in
13  conformance with the regulations of the Judicial Conference of
14  the United States.
15
16          Dated this 31st day of October, 2024.
17
18          s/ Hannah F. Cavanaugh_____
19          HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
20          Official U.S. Court Reporter
21
22
23
24
25
```